IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DARYL D. MILLER                                                    PLAINTIFF

        v.                              CIVIL NO. 14-3116

CAROLYN W. COLVIN, Acting Commissioner
Social Security Administration                                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Daryl Miller, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying his claims for a period of disability, disability insurance benefits (DIB), and supplemental

security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act).

In this judicial review, the Court must determine whether there is substantial evidence in the

administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

### I. Procedural Background

Plaintiff protectively filed his application for SSI on August 28, 2012, and for DIB on

August 3, 2012, alleging disability since June 12, 2009, due a plate and six screws in his neck, and

depression. (Tr. 82, 291). For DIB purposes, Plaintiff's date last insured was June 30, 2010. (Tr.

84). An administrative hearing was held on July 24, 2013, at which Plaintiff appeared with counsel

and testified. (Tr. 100-151).

By a written decision dated September 23, 2013, the ALJ determined Plaintiff's

degenerative disc disease and depression were severe impairments. (Tr. 84). After reviewing all of

the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level

-1-

of severity of any impairment in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 84-86). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work with the following limitations:

> [T]he claimant can occasionally climb, balance, crawl, kneel, stoop and crouch. He cannot do any work overhead. He can perform simple, routine, repetitive tasks where interpersonal contact is incidental to the work performed. Supervision is simple, direct and concrete.

(Tr. 86).

With the help of a vocational expert (VE), the ALJ found Plaintiff could not perform his past relevant work (PRW), but could perform the requirements of the representative occupations of production machine operator, small product assembler, and small product inspector. (Tr. 92-93). The ALJ concluded Plaintiff was not disabled as defined by the Act during the relevant time period. (Tr. 94).

Plaintiff next requested a review of the hearing decision by the Appeals Council, which denied the request on October 7, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). The parties consented to the jurisdiction of this Court on January 28, 2015. (Doc. 6).  Both parties have filed appeal briefs, and the case is ready for decision.  (Docs. 14, 15).

**II. Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy

-3-

given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.

## III. Discussion

Plaintiff argues the ALJ erred by: (1) failing to give controlling weight to the Medical Source Statement of a treating physician, and (2) not including all relevant evidence in the RFC. (Doc. 14, pp. 2-20).

Although the Court believes there is substantial evidence to support the ALJ's RFC assessment, the ALJ failed to resolve a conflict between the VE's testimony and the *Dictionary of Occupational Titles* (DOT).

When an apparent conflict between the DOT and VE testimony exists, an ALJ has an affirmative responsibility to address the conflict. Young v. Apfel, 221 F.3d 1065, 1070 (8th Cir. 2000). If evidence from the VE appears to conflict with the DOT, the ALJ must "obtain an explanation for any such conflict." Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007). An ALJ is not absolved of a duty to investigate any conflict simply because a VE responded "yes" when asked if his testimony was consistent with the DOT. Kemp v. Colvin, 743 F.3d 630, 632-633 (8th Cir. 2014).

At the hearing, the ALJ posed a hypothetical question consistent with the RFC assessment. (Tr. 146-147). In response, the VE identified small production machine operator (DOT No. 692.685-226), small products assembler (DOT No. 739.687-066), and small products inspector (DOT No. 669.687-014) as appropriate jobs, which the ALJ adopted as representative occupations to determine there were other jobs in the economy Plaintiff could perform. (Tr. 93, 147-148).

-4-

Although the RFC assessment limited Plaintiff to no overhead work, the jobs identified by the VE and adopted by ALJ require frequent reaching, according to the *Selected Characteristics of Occupations Defined* (SCO), a companion volume to the DOT.[1] Consequently, there is a conflict between the DOT and the VE's testimony. See Moore v. Colvin, 769 F.3d 987, 989 (8th Cir.2014)(stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the VE identified jobs the SCO said required frequent reaching).

It is not clear whether the VE recognized the possible conflict between the hypothetical and the positions he identified, and no explanation for the conflict was offered at the hearing. Although in his decision, the ALJ stated that he determined the VE's testimony was consistent with the information contained in the DOT, there is no indication that he was aware of the conflict or how he made such a determination. The Court therefore believes this failure to resolve the conflict is reversible error. See e.g., Daniels v. Colvin, 2015 U.S. Dist. LEXIS 5455, 2015 WL 224668 (W.D. Ark., Jan. 15, 2015).

The ALJ should have questioned the VE about the inconsistency between his testimony and the DOT job descriptions, and explained the decision to credit the VE's testimony in light of the conflict. See Welsh v. Colvin, 765 F.3d 926, 930 (8th Cir. 2014). On remand, the ALJ is instructed to resolve the conflict between the VE's testimony and the DOT, which may be accomplished by directing interrogatories to the VE.

---

[1] Social Security Ruling 00–4p dictates, "in making disability determinations, the SSA relies primarily on the DOT, including its companion publication the [SCO] for information about the requirements of work in the national economy."

**IV. Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned concludes that the ALJ's decision is not supported by substantial evidence, and therefore, should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 12th day of November, 2015.

s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE